UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OZZIE LEE,<br><br>        Plaintiff,<br><br>    v.<br><br>TEREX CORPORATION, *et al.*,<br><br>        Defendants. | Case No. 23-cv-04615-SI<br><br>**ORDER GRANTING UNOPPOSED MOTION TO INTERVENE BY LIBERTY MUTUAL INSURANCE COMPANY AS SUBROGEE FOR ACCO ENGINEERED SYSTEMS INC.**<br><br>Re: Dkt. No. 31 |

Liberty Mutual Insurance Company ("Liberty") has filed a motion to intervene as subrogee for Acco Engineered Systems, Inc. Dkt. No. 31. The motion is scheduled for a hearing on December 15, 2023. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is suitable for resolution without oral argument and VACATES the hearing. Plaintiff's motion to remand remains on calendar for December 15, 2023.

**DISCUSSION**

Liberty has filed a motion pursuant to Federal Rule of Procedure Rule 24(a)(2) to intervene as of right in this case, or alternatively for permissive intervention under Rule 24(b)(2). Liberty states that it has been paying workers' compensation benefits to plaintiff Ozzie Lee as a result of injuries that Lee sustained in an accident that took place on July 27, 2022 at Lee's workplace, and which is the subject of this negligence and products liability action brought by Lee against defendants Terex Corporation and United Rentals. Lee's complaint alleges that Terex Corporation manufactured the scissor lift involved in the accident and that United Rentals rented the scissor lift to Lee's employer, Acco Engineered Systems, Inc. Lee, Terex Corporation, and United Rentals have filed statements of non-opposition to Liberty's motion.

Rule 24(a)(2) permits intervention by right if the intervening party can "claim an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. Pro. 24(a)(2). The Ninth Circuit has provided a four-part test for analyzing Rule 24(a)(2) motions to intervene: (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action. *Wilderness Soc'y et al. v. United States Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (citing *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993) (abrogated on other grounds by *Wilderness Soc'y.*, 630 F.3d 1173). Proposed intervenors must satisfy all four criteria; "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947 (9th Cir. 2009) (citations omitted).

The Court finds that Liberty has demonstrated that intervention of right is warranted. Liberty's motion is timely, it is paying workers' compensation benefits and has an interest in being reimbursed, this action may impede Liberty's ability to protect that interest, and the other parties have distinct interests such that Liberty's interests will not be adequately represented absent intervention. Accordingly, the Court GRANTS Liberty's motion to intervene. Liberty shall file the proposed complaint-in-intervention.

**IT IS SO ORDERED**.

Dated: December 4, 2023

SUSAN ILLSTON
United States District Judge