UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OZZIE LEE,<br><br>   Plaintiff,<br><br>  v.<br><br>TEREX CORPORATION, *et al*.,<br><br>   Defendants. | Case No. 23-cv-04615-SI<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 20 |

Plaintiff Ozzie Lee's motion to remand is scheduled for a hearing on December 15, 2023. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. **The initial case management conference scheduled for December 15, 2023 at 2:30 p.m. remains on calendar.** For the reasons set forth below, the Court DENIES the motion to remand.

**BACKGROUND**

Plaintiff Ozzie Lee is an employee of ACCO Engineered Systems in San Jose, California. Lee alleges that while at work on July 27, 2022, he was using a single occupant scissor lift and that when he opened the hydraulic gate to exit the machine, the gate fell on his hand, "crushing his hand and resulting in severe personal injury." Compl. at p. 5 (Dkt. No. 1-2). Lee has sued Terex Corporation ("Terex"), the manufacturer of the scissor lift, and United Rentals, Inc., a company that rented the scissor lift to ACCO Engineered Systems. The complaint alleges causes of action for negligence and products liability against both defendants, and seeks compensatory damages for wage loss, loss of the use of property, hospital and medical expenses, general damage, property damage, and loss of earning capacity. *Id.* ¶ 11.

Under the negligence cause of action, the complaint states,

> Plaintiff's claim arises under California Workers' Compensation Law, and specifically California Labor Code 3852, Plaintiff's employer, ACCO Engineered Systems, or its Workers' Compensation insurer, have the right to subrogation of any Workers' Compensation benefits paid to plaintiff such that any amount that the plaintiff herein recovers from defendants and each of them is subject to the employer's right of reimbursement for compensation already paid, as well as for credit against future compensation paid to plaintiff for the injuries suffered in this action under California law. Plaintiff as Applicant has filed a claim before the Workers' Compensation Appeals Board and is in active litigation in that forum.

*Id*. at p. 5; *see also id.* at ¶ 8 (stating that Santa Clara County Superior Court is the proper court because "Under California's Workers' Compensation Law, and specifically California Labor Code section 3852, plaintiff claims employer has the right to subrogation of any Workers' Compensation benefits paid to Plaintiff which arises under Labor Code 3852 and his employer, ACCO Engineered Systems.").

Lee filed this lawsuit on May 2, 2023, in the Superior Court for the County of Santa Clara. Terex was served on August 11, and removed this case, with the consent of United Rentals, on September 8, 2023. Notice of Removal at 2-4 (Dkt. No. 1). Just prior to removal, on September 1, 2023, Liberty Mutual Insurance Company ("Liberty") filed a motion to intervene as the subrogee of ACCO Engineered Systems. Monteleone Decl. ¶¶ 1-5 (Dkt. No. 24). Liberty has been paying workers' compensation benefits to Lee as a result of Lee's workplace accident involving the scissor lift. *Id*. The Santa Clara Superior Court scheduled a hearing on Liberty's motion for February 1, 2024. *Id*. ¶ 6.

The September 8, 2023 Notice of Removal states that both defendants are citizens of the States of Delaware and Connecticut and that Lee is a citizen of California who, given the nature of the damages sought, seeks damages in excess of $75,000. *Id.* [1]

On September 29, 2023, Lee filed a motion to remand, asserting that this case is not removable because it arises under workers' compensation laws. On November 17, 2023, Liberty

---

[1] Counsel for Terex has filed a declaration stating that Liberty did not serve the motion to intervene on Terex and that Terex was unaware of the motion at the time it filed the notice of removal seven days later. Nagle Decl. ¶ 4 (Dkt. No. 22-1).

2

filed a motion to intervene in this case.  Dkt. No. 31.[2]  On December 4, 2023, the Court granted Liberty's unopposed motion to intervene in this action as subrogee for ACCO Engineered Systems.  Dkt. No. 38.  Liberty's complaint in intervention seeks reimbursement of the workers' compensation benefits it has paid to Lee pursuant to California Labor Code §§ 3852-3853.[3]  Liberty joins in Lee's motion to remand.

**LEGAL STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court.  28 U.S.C. § 1441(a).  There are two bases for federal subject-matter jurisdiction: (1) federal-question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

A motion to remand is the proper procedure for challenging removal.  Remand to state court may be ordered either for lack of subject-matter jurisdiction or for any defect in removal procedure.  *See* 28 U.S.C. § 1447(c).  The court may remand *sua sponte* or on motion of a party, and the party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction.  *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).  To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand.  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citations omitted).

**DISCUSSION**

Lee does not dispute that the parties are diverse or that he seeks damages in excess of $75,000.  Instead, Lee contends that this case is non-removable under 28 U.S.C. §1445(c), which

---

[2] In an order filed November 7, 2023, the Court directed Liberty to file a motion to intervene, as this Court's docket did not contain Liberty's state court motion to intervene.  Dkt. No. 29.

[3] California Labor Code § 3852 provides a right of subrogation to employers and others, such as insurance carriers, who pay workers' compensation benefits. "The statute allows those who become obligated by state law to pay workers' compensation benefits to bring an action against a tortious third party for recovery of those benefits." *Zurich American Ins. Co. v. General Motors Corp.*, 242 F. Supp. 2d 736, 737 n.2 (E.D. Cal. 2003).

provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Lee contends that this case arises under the workers' compensation laws because California Labor Code § 3852 provides that "[t]he claim of an employee, including, but not limited to, any peace officer or firefighter, for compensation does not affect his or her claim or right of action for all damages proximately resulting from the injury or death against any person other than the employer." Cal. Lab. Code § 3852. Lee argues that, in addition to providing an employer or insurance carrier a right of subrogation, this statute "gives the worker the right to sue any third party who may have caused harm to him or her" and that "the injured worker should be on equal footing with the insurance carrier and its right to subrogation." Mtn. at 3-4. Lee argues that he is "within his rights to insist upon the forum of his choice." Reply at 3.

The question before the Court is whether this action "arises under" California's workers' compensation laws such that defendants' removal was improper under 28 U.S.C. § 1445(c). The Court examines (1) whether Lee's negligence and products liability claims "arise under" California's workers' compensation laws and (2) whether the Court can consider Liberty's claim for subrogation under California Labor Code § 3852, where Liberty was not a party prior to the removal.

### A. Lee's Negligence and Product Liability Claims

Neither Congress nor the Ninth Circuit has defined "arising under" in the context of 28 U.S.C. § 1445(c). In *U.S. Fidelity & Guaranty Co. v. Lee Investments, LLC*, 641 F.3d 1126 (9th Cir. 2011), the Ninth Circuit held that an insurer's action seeking rescission of a worker's compensation policy did not "'arise under' California's workers' compensation laws" because the insurer's claim "did not involve an adjudication of the Employee's workers' compensation benefits; [rather] it addressed whether the Employer's insurance policy had been wrongfully obtained through misrepresentation." *Id.* at 1132. The Ninth Circuit did not explicitly articulate a framework for analyzing whether a claim "arises under" workers' compensation laws.

Since *U.S. Fidelity*, district courts within California, including this district, have used

1    somewhat different standards to evaluate this issue. *Compare Gutierrez v. McNeilus Truck & Mfg.,*
2    *Inc.*, No. 5:19-CV-01469-EJD, 2019 WL 5302930, at *2 (N.D. Cal. Oct. 21, 2019) (stating "a civil
3    action 'arises under' a state's workers'-compensation law when the worker's-compensation law
4    creates the plaintiff's cause of action or is a necessary element of the claim"), *with Yalley v. Liberty*
5    *Life Assurance Co. of Boston*, Case No. 17-cv-02734-VC, 2017 WL 3086228 (N.D. Cal. July 19,
6    2017) (stating that "28 U.S.C. § 1445(c) reaches, at its outermost limits, all causes of action with a
7    significant nexus to state workers' compensation laws over which there is a necessary dispute"),
8    *with San Francisco Bay Area Rapid Transit Dist. v. Gen. Reinsurance Corp. ("BART")*, No. 14-
9    CV-01866-JSC, 2014 WL 2960015, at *3 (N.D. Cal. June 30, 2014), *aff'd*, 726 F. App'x 562 (9th
10   Cir. 2018) (holding "a case otherwise removable may be removed unless the workers' compensation
11   law issue is 1) necessarily raised, 2) actually disputed, 3) substantial, and 4) incapable of resolution
12   in federal court without disrupting the federal-state balance approved by Congress").

13   In *Gutierrez*, Judge Davila held that a plaintiff's products liability, negligence and loss of
14   consortium claims did not arise under California's workers' compensation laws and that a claim for
15   subrogation under California Labor Code § 3852 did, but that because no claim under § 3852 had
16   been asserted by any party there was no basis for remand. *Gutierrez*, 2019 WL 5302930, at *3-4.
17   In *Yalley*, Judge Chhabria held that the plaintiffs' contract, tort, and Unfair Competition Law causes
18   of action arose under the workers' compensation laws because (1) the parties disputed the scope and
19   interpretation of California Labor Code provisions that were part of the workers' compensation
20   scheme, (2) "[r]esolving the parties' dispute over the meaning and scope of the Labor Code
21   provisions is necessary to the state-law claims the plaintiffs have brought[,]" and (3) "a significant
22   nexus exists between the plaintiffs' claims and California's workers' compensation laws, as the
23   plaintiffs' theory of contract, tort, and UCL liability is premised entirely on the defendants owing
24   the obligations the statutes create." *Yalley*, 2017 WL 3086228, at *2. In *BART*, Judge Corley held
25   that the plaintiff's breach of contract claim against its excess insurer based on the insurer's denial
26   of BART's claim for reimbursement for workers' compensation payments to an employee did not
27   arise under the worker's compensation laws. Judge Corley reasoned that the "dispute concerns only
28   whether the Policy requires the excess insurer to reimburse BART for what it pays for the

5

1    employee's workers' compensation" and "this case involves an insurance coverage dispute, not a
2    claim for workers' compensation benefits." *BART*, 2014 WL 2960015, at *3-4.

3        The Court concludes that regardless of which iteration of the "arising under" standard that is used, Lee's products liability and negligence claims do not "arise under" California's workers' compensation laws. The products liability and negligence claims are completely independent of and do not involve an adjudication of Lee's workers' compensation benefits, and the resolution of those claims do not involve, in any way, a dispute about California Labor Code sections that are part of the workers' compensation scheme. Instead, to prevail on those claims, Lee will have to prove the elements of products liability and negligence under California common law. Accordingly, Lee's products liability and negligence claims did not prevent removal under 28 U.S.C. § 1445(c).

### B.   Liberty's Subrogation Claim

There is no dispute that "[c]laims under California Labor Code § 3852 arise under California's workers' compensation laws and therefore may not be removed from state court." *Camacho v. JLG Indus., Inc.*, Case No. SACV 17-1188 DOC (KeSX), 2017 WL 3894981, at *2 (C.D. Cal. Sept. 6, 2017) (citing *Zurich*, 242 F. Supp. 2d at 739). On December 4, 2023, the Court granted Liberty's motion to intervene in this case, and Liberty asserts a claim for subrogation under § 3852. However, Terex contends that because the Court must evaluate whether removal was proper based on the circumstances that existed at the time of removal – when Liberty was not a party – removal was proper. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374 (2016) (courts must evaluate the propriety of removal "on the basis of the pleadings filed at the time of removal . . . .").

*Camacho v. JLG Industries* is directly on point. In that case, an injured employee filed a state court action alleging claims for products liability, negligence and loss of consortium. An insurer that was paying the plaintiff's worker's compensation benefits filed a motion to intervene in state court to assert a claim for subrogation under California Labor Code § 3852. *Camacho*, 2017 WL 3894981, at *1. Before the state court ruled on the insurer's motion to intervene, the defendants

removed the case to federal court based on diversity jurisdiction. *Id.* The plaintiff moved to remand, arguing that removal while the insurer's motion to intervene was pending in state court was barred by 28 U.S.C. § 1445(c). The court held that removal was proper and that 28 U.S.C. § 1445(c) did not apply because the removal occurred prior to the insurer becoming a party in the case. *Id*. at *2. The court noted that "this outcome is in tension with the policy goals of 28 U.S.C. § 1445(c), which include (1) preserving the plaintiff's forum choice in workers' compensation cases, (2) protecting the state's interest in administering their own workers' affairs, and (3) reducing federal courts' workload," and that "[d]enying remand allows Defendants to evade the statutory prohibition against removal of actions arising under state workers' compensation law by strategically removing to federal court while a motion to intervene is pending." *Id*. at *2-3. Nevertheless, the court held that because the defendants removed the case prior to the insurance company's intervention, the law required a denial of the motion to remand. *Id*. at *3.

The Court agrees with the analysis – and shares the concerns – of the *Camacho* court, and concludes that Liberty's subrogation claim does not bar removal because Liberty was not a party at the time of removal. Further, as courts have noted, while 28 U.S.C. § 1445(c) prevents removal of subrogation claims, there is no prohibition on such claims being filed directly in federal court, and Liberty has done so. *See Vasquez v. N. Cty. Transit Dist.*, 292 F.3d 1049, 1061-62 (9th Cir. 2002), *as amended* (Aug. 7, 2002) (explaining that the § 1445(c) statutory prohibition against removal of actions arising under state workers' compensation laws is procedural rather than jurisdictional, and "[t]he statute does not prohibit plaintiffs from filing such actions directly in federal court").

**CONCLUSION**

For the foregoing reasons, the Court DENIES Lee's motion to remand.

**IT IS SO ORDERED**.

Dated: December 8, 2023

SUSAN ILLSTON
United States District Judge

7